IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,

v.                                     CIV 16-0425 MV/KBM
                                     CR  11-2013 MV

DONALD LEE HOWARD,

       Defendant – Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 *(Doc. 1)* and the Government's Response *(Doc. 14)*. Defendant was found guilty by a jury of a charge of felon-in-possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), and he was sentenced to the enhanced mandatory minimum sentence of 180 months incarceration pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B).

The ACCA provides for a mandatory minimum sentence of 15 years imprisonment for defendants who have three violent felony convictions. A violent felony is defined under the ACCA as a conviction of a crime punishable by more than one year of imprisonment and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives*, or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" *Id.*  In 2015, however, the Supreme Court found the italicized language – known as the "residual clause" – to be

unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a new rule of substantive law and should be applied retroactively to timely filed motions such as the instant motion brought pursuant to Section 2255.

One of Defendant's prior felony convictions – Shooting at a Dwelling/Occupied Building[1] – was used to enhance his sentence under the ACCA. In its Response, the Government agrees, in light of *Johnson*, that conviction cannot be used as a predicate offense for enhancement under the ACCA because it does not have as an element "the use, attempted use, or threatened use of physical force against the person of another." Probation echoes that position in its Updated Sentencing Memorandum. *(Doc. 8)*. As the United States explains,

> [d]ischarging a firearm certainly involves a violent amount of physical force. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (requiring that the amount of force at issue be "capable of causing physical pain or injury to another person."). However, for the [ACCA violent felony] clause to apply, the force must be directed "against the person of another." The Tenth Circuit has explained that such force must specifically be directed at or in the direction of a person and not merely at a building or vehicle in which a person is or may be located. *Compare United States v. Hernandez*, 568 F.3d 827, 829–30 (10th Cir.2009) (holding that a conviction for "knowingly discharges a firearm at or in the direction of . . . one or more individuals" constitutes a violent felony under the force clause) *with United States v. Ford*, 613 F.3d 1263, 1271-72 (10th Cir. 2010) (holding that "'the malicious, intentional and unauthorized discharge of a firearm at . . . a dwelling, building, structure, motor vehicle . . . or other means of conveyance of persons or property in which there is a human being' . . . does not qualify as a

---

[1] Defendant was convicted under N.M. Stat. Ann § 30-3-8(A) (1978) which provides:

> Shooting at a dwelling or occupied building consists of willfully discharging a firearm at a dwelling or occupied building. Whoever commits shooting at a dwelling or occupied building that does not result in great bodily harm to another person is guilty of a fourth degree felony. Whoever commits shooting at a dwelling or occupied building that results in injury to another person is guilty of a third degree felony. Whoever commits shooting at a dwelling or occupied building that results in great bodily harm to another person is guilty of a second degree felony.

violent felony under [the use of force clause]"). In drawing this line, the Tenth Circuit reasoned that the latter "is one step removed" from the former because it "requires force against a building or vehicle, but not against the person inside, as [the use of force clause] requires." *Ford*, 613 F.3d at 1271-72.

*Doc. 14* at 4.

In conclusion, the United States, Probation and the Court agree that with *Johnson's* invalidation of the residual clause of the ACCA, Defendant's conviction for Shooting at a Dwelling/Occupied Building no longer qualifies as a "violent felony" under that Act, and resentencing is required. Probation further notes that Defendant may be eligible for a time-served sentence at this time.

Wherefore,

IT IS RECOMMENDED that the Court grant Defendant's Motion to Correct Sentence Pursuant 28 U.S.C. 2255, and schedule Defendant for a hearing to resentence him as soon as practical.

IT IS FINALLY ORDERED that if the parties are willing to waive the objections period set forth below, they should file a notice to that effect as soon as possible.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES CHIEF MAGISTRATE JUDGE